IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LaMERLE RONNIE JOHNSON

    Petitioner,                    No. CIV S-10-3208 GEB CKD P

    vs.

MIKE MARTEL

    Respondent.                FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises a due process challenge to the decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole at his parole consideration hearing held on May 29, 2008.

        The court is required to screen complaints and petitions brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a petition, complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

\\\\\

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

When considering whether a petition states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the petitioner.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive dismissal for failure to state a claim, a pro se petition must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

I. <u>Standards of Review Applicable to Habeas Corpus Claims</u>

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts.  See Peltier v. Wright, 15 F.3d 860,

861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)).  A federal writ is not available for alleged error in the interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085.  Habeas corpus cannot be utilized to try state issues de novo.  Milton v. Wainwright, 407 U.S. 371, 377 (1972).

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003).  Section 2254(d) sets forth the following standards for granting habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001).  If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims.  Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008).  See also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court is required to look to the last reasoned state court decision as the basis for the state court judgment.  Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  See also

1  Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005) ("When more than one state court has
2  adjudicated a claim, we analyze the last reasoned decision").  If the last reasoned state court
3  decision adopts or substantially incorporates the reasoning from a previous state court decision,
4  this court may consider both decisions to ascertain the reasoning of the last decision.  Edwards v.
5  Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc).  Where the state court reaches a
6  decision on the merits but provides no reasoning to support its conclusion, a federal habeas court
7  independently reviews the record to determine whether habeas corpus relief is available under §
8  2254(d).  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d
9  1160, 1167 (9th Cir. 2002).  When it is clear that a state court has not reached the merits of a
10 petitioner's claim the AEDPA's deferential standard does not apply and a federal habeas court
11 must review the claim de novo.  Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).
12 II.  Scope of Review Applicable to Due Process Challenges to the Denial of Parole
13         The Due Process Clause of the Fourteenth Amendment prohibits state action that
14 deprives a person of life, liberty, or property without due process of law.  A litigant alleging a
15 due process violation must first demonstrate that he was deprived of a liberty or property interest
16 protected by the Due Process Clause and then show that the procedures attendant upon the
17 deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,
18 490 U.S. 454, 459-60 (1989).
19         A protected liberty interest may arise from either the Due Process Clause of the
20 United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an
21 expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,
22 221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States
23 Constitution does not, of its own force, create a protected liberty interest in a parole date, even
24 one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of
25 Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted
26 person to be conditionally released before the expiration of a valid sentence.").  However, a

state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v. Cooke, 562 U.S. ___, ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, ___F.3d___, 2011 WL 1238007, at *4 (9th Cir. Apr. 5, 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a liberty interest in parole.")  In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

In Swarthout, the Supreme Court reviewed two cases in which California prisoners were denied parole – in one case by the Board, and in the other by the Governor after the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair procedures, "and federal courts will review the application of those constitutionally required procedures." Id. at 862. The Court concluded that in the parole context, however, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence." Swarthout, 131 S. Ct. at 862. In particular, the Supreme Court rejected the application of the "some evidence" standard to parole decisions by the California courts as a

5

component of the federal due process standard.  Id. at 862-63.  See also Pearson, 2011 WL 1238007, at *4.[1]

III.  Petitioner's Claims

    A.  Due Process

Petitioner makes several due process claims pertaining to the evidence and procedure followed by the Board when it denied his parole in 2008.  He claims that the Board erred in finding he remains a threat to society, that Board officials should not have heard from any representatives of the District Attorney's Office that prosecuted him, that he has displayed remorse but remorse is not "legally necessary for parole to be granted," that a correctional officer who would have testified on his behalf should not have been barred from doing so, and that he cannot receive a fair hearing from virtually any state official.[2]  See Petition at 9-28 (Docket No. 1).  He also argues that California Penal Code § 3041(b), which allows the Board to consider the gravity of the underlying commitment offense, violates the Due Process Clause of the Fourteenth Amendment.

These claims essentially present an argument that the Board's decision to deny parole, and the findings upon which that denial was based, were not supported by "some evidence" as required under California law.  However, under the Supreme Court's decision in Swarthout, this court may not review whether California's "some evidence" standard was correctly applied in petitioner's case.  131 S. Ct. at 862-63; see also Miller v. Oregon Bd. of

---

[1] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state parole board's decision to deny parole had to be supported by "some evidence," as defined in Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability.  See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

[2] Petitioner's core claim that he cannot receive a fair parole hearing takes several forms – see sections V, V(a), VI, VII(c), and VIII of the petition – all of which are covered by the court's finding that in 2008 petitioner received all of the process due a parole applicant in California.

6

1 Parole and Post-Prison Supervision, ___F.3d___, 2011 WL 1533512, at *5 (9th Cir. Apr. 25,
2 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility
3 decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair
4 hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley,
5 ___F.3d___, 2011 WL 1365811, at *3 (9th Cir. Apr. 12, 2011) (under the decision in Swarthout,
6 California's parole scheme creates no substantive due process rights and any procedural due
7 process requirement is met as long as the state provides an inmate seeking parole with an
8 opportunity to be heard and a statement of the reasons why parole was denied); Pearson, 2011
9 WL 1238007, at *3 (9th Cir. Apr. 5, 2011) ("While the Court did not define the minimum
10 process required by the Due Process Clause for denial parole under the California system, it
11 made clear that the Clause's requirements were satisfied where the inmates 'were allowed to
12 speak at their parole hearings and to contest the evidence against them, were afforded access to
13 their records in advance, and were notified as to the reasons why parole was denied.'")

14          The record shows that petitioner was represented by counsel at his 2008 parole
15 suitability hearing. The record also establishes that petitioner was given the opportunity to be
16 heard and received a statement of the reasons why parole was denied by the Board panel. See
17 Transcript at 15-20 (Docket No. 3-2).[3] That is all the process that was due petitioner under the
18 Constitution. Swarthout, 131 S. Ct. 862; see also Miller, 2011 WL 1533512, at *5; Roberts, 2011
19 WL 1365811, at *3; Pearson, 2011 WL 1238007, at *3. Petitioner is therefore not entitled to
20 relief with respect to his due process claims. The pending petition should be denied.[4]

---

[3] The transcript of the 2008 hearing that petitioner submitted as an exhibit is incomplete, but it is clear from the included sections that he spoke extensively at the hearing and received a statement of the Board's reasons for its decision.

[4] To the extent petitioner argues that a state court has erred in applying state law, such claims are not cognizable in this federal habeas corpus proceeding. See Rivera v. Illinois, ___ U.S. ___, 129 S.Ct. 1446, 1454 (2009) ("[A] mere error of state law . . . is not a denial of due process") (quoting Engle v. Isaac, 456 U.S. 107, 121, n. 21 (1982) and Estelle v. McGuire, 502 U.S. 62, 67, 72-73 (1991)). A habeas court may not grant the writ on the basis of errors of state law where, as here, the combined effect of those errors does not violate the Federal Constitution.

B. Equal Protection

Petitioner claims that the Board of Parole Hearings has created a disparity between two groups of parole applicants: one group, he argues, is assessed according to the "logical standard" of their behavior in prison after incarceration, while a second group has the "unalterable" standard of the gravity of the commitment offense permanently weighed against their eligibility for parole. See Pet. at 23-24. The court need not delve into the merits of this claim because it is facially inapplicable to petitioner.

The Board focused its decision on post-commitment factors, finding that petitioner should not receive parole "[w]ithout a significantly more profound level of insight[.]" Transcript at 17. The Board found that petitioner's "past and present mental state makes you an unreasonable risk of danger to society if released from prison." Id. The Board based that finding in part on its determination that petitioner had not been truthful at the hearing when asked about his role in and responsibility for the commitment offense. Id.

Petitioner has no standing to challenge the Board's decision as a violation of equal protection.[5] He belongs to the class of prisoners who are, by his own description, assessed according to the "logical" factors relating to their behavior after incarceration. He cannot claim any disparate treatment in his 2008 parole hearing; therefore he has no equal protection claim.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-

---

Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Parle v. Runnels  387 F.3d 1030, 1045 (9th Cir. 2004).]

[5] Petitioner also states no facts, nor are any apparent in the transcript, that give him standing to bring a claim that the California Governor's statements that a large percentage of California inmates are beyond rehabilitation renders the Board's duty to assess individual applications for parole "unconstitutional." Petition at 21-22. Furthermore, the constitutional implications of such statements are, on this record, nil.

1  one days after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
4  shall be served and filed within fourteen days after service of the objections.  Failure to file
5  objections within the specified time may waive the right to appeal the District Court's order.
6  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
7  1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

Dated: May 18, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
john3208.157